BIRCH, Circuit Judge,
concurring specially:
While I agree with the result in this case, pursuant to Garcetti v. Ceballos, 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), I would implement a five-part Garcetti/Pickering[1] analysis in First Amendment, retaliation cases in our circuit. Gar-cetti neither overruled Pickering nor is it a “stand alone” decision. Evidenced by the use of Pickering and its successors throughout the Garcetti decision, the Court augmented and clarified step one of the Pickering constitutional analysis. Garcetti, 126 S.Ct. at 1955-62. That is, in Garcetti, the Court instructed lower federal courts first to classify or categorize the government speaker as an employee or a private citizen. If the government employee is speaking as an employee, then there is no need to engage in the Pickering constitutional analysis of deciding *1348 whether the government employee has spoken as a citizen on a matter of public concern. Consequently, Garcetti has given lower federal courts a distinction in analysis that expedites review of First Amendment, retaliation cases involving government employees.
Following Garcetti, other circuits have transformed their Pickering four-part test for determining whether a government employer has retaliated against an employee for constitutionally protected speech into a five-part test or a Pickering step one with two subparts, which expedites the analysis by determining at the outset whether the plaintiff is speaking as a government employee or as a private citizen. The Tenth Circuit transitioned from the four-part Pickering test to the five-part “Garcetti/Pickering” test. Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1202-03 & n. 4 (10th Cir.2007). Under the Garcetti/Pickering test, the first step is judicial determination of “whether the employee speaks ‘pursuant to [his] official duties.’ ” Id. at 1202 (quoting Garcetti, 126 S.Ct. at 1960). “If the employee speaks pursuant to his official duties, then there is no constitutional protection because the restriction on speech ‘simply reflects the exercise of employer control over what the employer itself has commissioned or created.’ ” Id. (quoting Garcetti, 126 S.Ct. at 1960); see Reuland v. Hynes, 460 F.3d 409, 415 n. 5 (2d Cir.2006) (following Garcetti “before an employee’s speech is entitled to First Amendment protection, we must also determine that he was not speaking pursuant to his duties as an employee”) (emphasis added), cert. denied, — U.S. -, 128 S.Ct. 119, 169 L.Ed.2d 27 (2007). If the employee did not speak relative to his official duties but as a citizen, then the second part of the Garcetti/Pickering test requires judicial determination of “whether the subject of the speech is a matter of public concern.” Brammer-Hoelter, 492 F.3d at 1202. “If the speech is not a matter of public concern, then the speech is unprotected and the inquiry ends.” Id. at 1203.
Our sister circuits concluded that, in Garcetti the Court delineated the analysis of the first part of a First Amendment, retaliation case under the four-part test by dividing it into two parts. Instead of Pickering step one, which was the determination of whether the government employee’s speech was a matter of public concern, under the Garcetti/Pickering test, the first judicial determination is the classification or category of the government speaker: employee or citizen. Deciding whether the government employee spoke as an employee necessarily involves determining the job responsibilities of the employee which then permits correlating the speech to the employee’s job requirements. This determination is separate from progressing to Pickering step one: a determination of whether the speech concerns a matter of public interest. Therefore, the Pickering step one is not a unitary determination that incorporates the more definitive Gar-cetti analysis of first correlating a government employee’s classification with his or her job responsibilities. Only if the government employee is speaking as a citizen does the analysis progress to a judicial determination of whether the subject is a matter of public concern. If the government employee, however, was speaking as an employee, then there is no First Amendment issue, and the constitutional inquiry ends. See Ferrara v. Mills, 781 F.2d 1508, 1513-14 (11th Cir.1986) (recognizing that the Pickering balance is unnecessary unless a judicial determination has been made that the employee’s speech has constitutional protection).
Seventh Circuit Judge Easterbrook commented on the logic of this rationale for the adjustment in analysis for First *1349 Amendment, retaliation cases by government employees:
Garcetti ... holds that before asking whether the subject-matter of particular speech is a topic of public concern, the court must decide whether the plaintiff was speaking “as a citizen” or as part of her public job. Only when government penalizes speech that a plaintiff utters “as a citizen” must the court consider the balance of public and private interests, along with other questions posed by Pickering and its successors....
Mills v. City of Evansville, Ind., 452 F.3d 646, 647-48 (7th Cir.2006) (citing Waters v. Churchill, 511 U.S. 661, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994); Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); Givhan v. Western Line Consol. Sch. Dist., 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979)) (emphasis added). The efficiency for judicial analysis is that only when a government employer penalizes speech that a employee “utters ‘as a citizen’ must the court consider the balance of public and private interests” — the Pickering analysis. Mills, 452 F.3d at 648. Indeed, we have recognized the changed analysis implemented by other circuits and “refined our analysis of the first step of the Pickering test.” D’Angelo v. School Bd. of Polk County, Fla., 497 F.3d 1203, 1209 (11th Cir.2007). Consequently, circuits, like ours, that have not definitively changed to a five-step Garcet-ti/Pickering test following Garcetti nonetheless actually engage in this five-step analysis, because we divide the first step of the Pickering test into two subparts. Id.
In Garcetti the Court has built upon Pickering and succeeding cases to give lower federal courts a distinction in analysis that expedites review of First Amendment, retaliation cases involving government employees by first examining the employee’s classification. This expedited analysis has been recognized at least by three circuits post-Garcetti. See Brammer-Hoelter, 492 F.3d at 1202-03 (Tenth Circuit); Reuland, 460 F.3d at 415 n. 5 (Second Circuit); Mills, 452 F.3d at 647-48 (Seventh Circuit). Our circuit is using the expedited analysis following Garcetti without citing Pickering as if Garcetti is an independent decision in First Amendment, retaliation cases involving government employees. See Phillips v. City of Dawsonville, 499 F.3d 1239, 1242 (11th Cir.2007) (per curiam) (concluding in a First Amendment, retaliation case following Garcetti that the government employee “was speaking in accord with her duty as the City Clerk and not as a private citizen” without citing Pickering or using its analysis); Vila v. Padrón, 484 F.3d 1334, 1339 (11th Cir.2007) (acknowledging after Gar-cetti that, to analyze a First Amendment, retaliation claim for speech by a government employee, “[t]he threshold question is whether [the government employee] spoke as a citizen on a matter of public concern” without engaging in the Pickering analysis or citing the case). This is not the Court’s reasoning or instruction in Garcetti.
The utility of the Garcetti/Pickering analysis is evident in our cases since Gar-cetti, which, like this case, show the prevalence of First Amendment, retaliation cases involving government employees speaking as employees as opposed to citizens speaking on issues of public interest. See, e.g., Phillips, 499 F.3d 1239; D’Angelo, 497 F.3d 1203; Vila, 484 F.3d 1334. Because the Supreme Court has given us an expedited analysis in Garcetti for these cases that other circuits have adopted and we are using without acknowledging, I would implement the five-part Garcet-ti/Pickering analysis in our circuit.

. Pickering v. Board of Educ. of Twp. High Sch. Dist. 205, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).